UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WALIS PARRA REYES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 20-10793-JGD |
| RADM SPAULDING FEDERAL MEDICAL | ) | |
| CENTER DEVENS, MA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

July 23, 2020

DEIN, U.S.M.J.

On April 23, 2019, *pro se* petitioner Walis Parra Reyes, who is incarcerated at FMC

Devens, filed a petition for a writ of habeas corpus [ECF #1] ("Petition") under 28 U.S.C. § 2241

and an emergency motion in support thereof [ECF #3] ("Motion") in which he asks that "his

sentenced be modified to Home Confinement or reduced" in light of the dangers posed by the

COVID-19 pandemic. Mot. ¶ 1. He also seeks release on bail pending the adjudication of this

action. *See id.* ¶ 3. The Respondent has moved to dismiss [ECF # 11]. For the reasons set forth

below, the Court will grant the motion to dismiss and dismiss this action without prejudice.

**I.      Background**

On April 15, 2014, Parra Reyes was convicted in the United States District Court for the

Southern District of Georgia after pleading guilty to charges of unlawful dealings concerning

controlled substances, firearms, contraband cigarettes, and stolen motor vehicles. He was

sentenced to 190 months of incarceration. *See United States v. Parra-Reyes*, Crim. No. 13-

00121-LGW (S.D. Ga.).  In the present action, Parra Reyes represents that, as of April 21, 2020, "he has a scheduled release date some time in early 2027 and he has served 50% of his statutory sentence and 42% of his gross sentence."  Mot. ¶ 14.

Parra Reyes seeks habeas relief because living conditions at FMC Devens are allegedly conducive to the spread of the COVID-19 virus.  He also represents that, due to his ethnicity and history of high blood pressure, he is at particularly vulnerable to suffering serious injury or even death were he to contract the virus.  *See* Mot. ¶ 2.  Throughout his documents, Parra Reyes reiterates his request to have his sentenced reduced or be able to serve the remainder of his sentence under home confinement.  *See* Pet. at 8, Mot. ¶¶ 1, 3, 34-35.  Parra Reyes also argues that he is eligible for compassionate release, *see* Mot. ¶¶ 32-33, and he submitted a copy of his Inmate Request for Compassionate Release Consideration dated April 20, 2020, *see id.* Ex. 1.  In a supplemental memorandum filed by Parra Reyes on May 26, 2020 [ECF #10], he characterizes his request for relief as a "motion for compassionate release," but he also asks that the Court order the BOP to exercise its authority, granted to it by the enactment of the CARE's Act[], and transfer him to Home Confinement.  *Id.* at 1-2, 7.

The Respondent has moved to dismiss [ECF #11], arguing that (1) the petitioner's allegations of concerning conditions of confinement cannot be addressed through a habeas petition; (2) the Bureau of Prisons ("BOP") has not been deliberately indifferent to the health and safety in light of the risks posed by COVID-19; (3) the Prisoner Litigation Reform Act of 1995 precludes an individual judge from ordering the release of a prisoner based on conditions of confinement; and (4) under the BOP's current guidelines, the petitioner has not served enough of his sentence to be eligible for transfer to home confinement.

## II.     Discussion

Parra-Reyes seeks overlapping or alternative forms of relief—home confinement, a reduction in his sentence, and compassionate release.  This Court is without jurisdiction to provide any of them.

### A.     Home Confinement as Part of Term of Imprisonment

In the context of a criminal sentence, the term "home confinement" has two different meanings: a designation by the BOP of where a prisoner will serve part of his term of imprisonment; or, a condition of supervised release ordered by the sentencing judge.

A criminal sentence usually has two components—a term of imprisonment and a period of supervised release.  *See* 18 U.S.C. §§ 3581-83.  The defendant is committed to the custody of the BOP for the term of imprisonment imposed by the sentencing court.  *See* 18 U.S.C. § 3621(a).  During this time, the BOP decides where the defendant serves his sentence.  While the sentencing court may make recommendations concerning the type of prison appropriate for the defendant, 18 U.S.C. § 3582(a), Congress has mandated that BOP designates the penal or correctional facility at which the defendant will be placed in light of statutory criteria.  *See* 18 U.S.C. §§ 3582(a), 3621(b).  The BOP also has authority to temporarily release a federal prisoner on furlough, transfer a federal prisoner to the authority of a requesting state, or place a prisoner in a community correctional facility for up to twelve months prior to the prisoner's scheduled release date.  *See* 18 U.S.C. §§ 3622, 3623, 3624(c)(1).  The BOP's designation decisions made under 18 U.S.C. §§ 3621-3624 are not subject to review under the Administrative Procedure Act. *See* 18 U.S.C. § 3625.

In addition, Congress has authorized the BOP to allow prisoners to serve part of their term of imprisonment in home confinement.  *See* 18 U.S.C. § 3624(c)(2).  During this time, the

prisoner is still considered to be in the legal custody of the BOP.  *See, e.g.*, *United States v. Earl*, 729 F.3d 1064, 1068 (9th Cir. 2013) (BOP's placement of defendant in home confinement did not commence his term of supervised release; defendant had not completed his federal term of imprisonment, even though he was "not technically 'imprisoned' in one sense of the word" during home confinement).  Prior to the COVID-19 pandemic, the relevant statutory authority allowed the BOP to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."  18 U.S.C. § 3624(c)(2).  The BOP was required, "to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph."  *Id.*[1]

In response to the COVID-19 pandemic, the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") was signed into law on March 27, 2020.  The CARES Act provides, *inter alia*, that "if the Attorney General finds that emergency conditions will materially affect the functioning of the [BOP], the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under [18 U.S.C. § 3624(c)(2)], as the Director determines appropriate."  Pub. L. No. 116-136, 516 § 12003(b)(2), 134 Stat. 281 (2020).  On April 3, 2020, the Attorney General made that finding and directed the head of the BOP to "immediately review all inmates who have COVID-19 risk factors . . . [in] facilities where you determine that COVID-19 is materially affecting operations."  Resp. Mem. Supp. Mot. Dismiss, Ex. 4, at 2 [ECF #12-4] ("Memorandum for

---

[1] Congress has also mandated that the Attorney General "conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced."  34 U.S.C. § 60541(g)(1)(A).  To qualify as an "eligible elderly offender," the offender must be "not less than 60 years of age."  *Id.* at § 60541(g)(5)(A).  As Parra Reyes represents that he is thirty-eight years old, he is not eligible for participation in this pilot program.  *See* Mot. ¶ 2.

4

Director of Bureau of Prisons" from the Office of the Attorney General, dated 4/3/2020).  The

Attorney General specified that the review "should include all at-risk inmates—not only those

who were previously eligible for transfer."  *Id.*

According to the Respondent, "in order to prioritize its limited resources, BOP has

generally prioritized for home confinement those inmates who have served a certain portion of

their sentences, or who have only a relatively short amount of time remaining in those

sentences."  Resp.'s Mem. Supp. Dismiss at 7.  "While these priority factors are subject to

deviation in BOP's discretion in certain circumstances, and are subject to revision as the

situation progresses, BOP is at this time prioritizing for consideration those inmates who either

(1) have served 50% or more of their sentence, or (2) have 18 months or less remaining in their

sentences and have served 25% or more of their sentences."  *Id.*[2]  The Respondent takes the

position that, because Parra Reyes "has served 42% of his gross sentence," he is ineligible for

---

[2] The Court notes that, on May 13, 2020, the Respondent testified during the hearing of a
separate case that  "an exception to these eligibility requirements can be made only if the Bureau
of Prisons headquarters in Washington, D.C., orders a warden to evaluate for home confinement
an inmate who has not served a sufficient percentage of his sentence."  *United States v. Pena*,
Crim. No. 16-10236-MLW, 2020 WL 2798259, at *6 (D. Mass. May 29, 2020) (expressing
intent to allow motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i)  and require
home confinement for a portion of the supervised release).  The sentencing judge observed that
"such a request for an evaluation was evidently made by Bureau of Prisons headquarters
concerning Paul Manafort, a 71-year-old inmate who had served only 23 months of a 77-month
sentence, and who was released to home confinement [on May 13, 2020]."  *Id.*; *see also
Woodard v. United States*, Crim. No. 12-00105, 2020 WL 3528413, at *3 & n.1 (E.D. Va. June
26, 2020) (stating that "[t]he BOP's stated justification for denying Petitioner's request for home
confinement is not being applied evenly, as several high-profile defendants have been released to
home confinement prior to serving more than 50% of their sentences or have been released
without delay upon satisfying BOP's supposed criteria" and referring to the transfers of Paul
Manafort and Michael Cohen to home confinement).

placement in home confinement[3] "based on the factors considered by the BOP pursuant to the current directives and guidelines." *Id.* at 8.[4]

The decision to place a prisoner in home confinement pursuant to 18 U.S.C. § 3624(c)(2) is at the sole district of the BOP, and the Court lacks jurisdiction to allow Parra Reyes to serve the rest of his sentence of imprisonment in home confinement.  Federal district courts across the country have reached the same conclusion during the COVID-19 pandemic.  *See, e.g.*, *United States v. Chavez*, Crim. No. 16-00439, 2020 WL 4001877 at *2 (D.N.M. July 15, 2020); *United States v. Trent*, Crim. No. 17-20839, 2020 WL 4001913, at *5 (E.D. Mich. July 15, 2020); *United States v. Sherrick*, Crim. No. 02-20100, 2020 WL 3978174, at *4 (W.D. La. July 14, 2020); *United States v. McCloskey*, Crim. No. 18-00260, 2020 WL 3078332, at *2 (S.D. Ga. June 9, 2020); *Ambriz v. United States*, C.A. No. 20-00568, 2020 WL 3066861, at *2 (N.D. Tex. June 5, 2020); *United States v. Konny*, Crim. No. 19-00283, 2020 WL 2836783, at *2 (S.D.N.Y. May 30, 2020); *United States v. Read-Forbes*, Crim. No. 12-20099, 2020 WL 1888856, at *5 (D. Kan. Apr. 16, 2020).

---

[3] The Respondent states that Parra Reyes is "ineligible for compassionate release to home confinement." *Id.*  As set forth, *infra*, "compassionate release" is a form of a reduction in sentence which is only available from the sentencing court, although the BOP may move the sentencing court to grant this relief.  *See* 18 U.S.C. § 3582(c)(1)(A).  The Respondent errs in characterizing its placement of a prisoner in home confinement as a form of "compassionate release."  While the mistake is harmless in this context, it illustrates the difficulty federal prisoners face in correctly labeling the relief they seek and understanding how to request it.

[4] On its website, the BOP represents that, "[w]hile all inmates are being reviewed for suitability, any inmate who believes they are eligible may request to be referred to Home Confinement and provide a release plan to their Case Manager."  Update on COVID-19 and Home Confinement, https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last visited July 16, 2020).

**B.     Reduction in Sentence and Home Confinement as a Condition of Supervised Release**

There is a different mechanism by which Parra Reyes may seek relief.  Under 18 U.S.C.

§ 3582(c)(1)(A), a sentencing court may "modify a term of imprisonment" upon motion of the

director of the BOP or of a defendant.  If the sentencing court finds that the situation warrants a

revised sentence, it "may reduce the term of imprisonment (and may impose a term of probation

or supervised release with or without conditions that does not exceed the unserved portion of the

original term of imprisonment)."  18 U.S.C. § 3582(c)(1)(A).  While relief under this section is

often referred to as "compassionate release," the sentencing court may reduce a sentence for any

"extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  The sentencing court

may provide immediate release by reducing the sentence of imprisonment to time served.  The

sentencing court may also extend the period of supervised release and include a condition of

home confinement.

Some federal prisoners have been successful in obtaining relief under this statute during

the COVID-19 pandemic.  *See, e.g.*, *United States v. Edwards*, Crim. No. 15-00339, 2020 WL

4003050, at *2 (N.D. Ohio July 15, 2020) (ordering release, increasing term of supervised

release by amount of unserved prison time, and ordering home confinement for that portion of

supervised release); *United States v. Fletcher*, Crim. No. 05-00179, 2020 WL 3972142, at *4 (D.

Md. July 15, 2020) (ordering release after 14-day quarantine and two years of home confinement

as a term of his supervised release); *United States v. Browne*, Crim. No. 14-10369, 2020 WL

3618689, at *6 (D. Mass. July 2, 2020) (reducing sentence to time served and requiring that six

months of supervised release be spent in home confinement); *United States v. Rachal*, Crim. No.

16-10043, 2020 WL 3545473, at *3 (D. Mass. June 30, 2020) (ordering release from BOP

custody and a period of supervised release equivalent to the unserved portion of his sentence,

with six months of that time to be spent in home confinement); *United States v. Sanchez*, Crim. No. 18-00140, 2020 WL 1933815, at *7 (D. Conn. Apr. 22, 2020) (reducing sentence to time served, increasing period of supervised release, and requiring home detention for first 13 months of that release); *United States v. Burrill*, Crim. No. 17-00491, 2020 WL 1846788, at *3 (N.D. Cal. Apr. 10, 2020) (reducing sentence to time served and ordering the remaining portion of defendant's original term of imprisonment be "served as supervised release with the special condition that [defendant] shall be subject to home confinement").

Because only the sentencing court may provide relief under 18 U.S.C. § 3582(c)(1)(A), the Court cannot consider whether Parra Reyes is eligible for a reduction of sentence. The Court notes that, on June 18, 2020, Parra Reyes filed a motion for a reduction in sentence with the sentencing court. *See United States v. Parra-Reyes*, Crim. No. 13-00121-LGW [ECF # 467] (S.D. Ga.). This motion is still pending.

## III. Conclusion

Accordingly, for the reasons set forth above, the motion to dismiss [ECF # 11] is GRANTED solely on the grounds that the Court lacks jurisdiction to compel the BOP to place Parra-Reyes in home confinement or to adjudicate a motion under 18 U.S.C. § 3582(c)(1)(A). This action is DISMISSED without prejudice.

SO ORDERED.

 /s/  Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge